SENTELLE, Senior Circuit Judge,
dissenting:
While I recognize that the majority correctly demonstrates that the district court technically erred in the wording supporting its sentence, I cannot join an opinion that vacates and remands the trial court’s decision ostensibly under plain error review. Indeed, I fear that this circuit is drifting toward a jurisprudence in which there is no distinction between reviewing for- “plain error” and simply reviewing to determine whether the district court erred. See United States v. Brown, 808 F.3d 865 (D.C.Cir.2015).
The majority acknowledges that appellant “failed to present” his ex post facto “argument to the district court.” Maj. Op. at 357. It further acknowledges that we will therefore review the court’s “decision only for plain error.” I would note the context of that review arises from a sentencing proceeding in which the district court stated:
Well, based upon the conviction, the Court revokes your period of supervised release in this case. The [Sentencing [C]ommission guidelines actually require that the sentence here — which I’ll give you the minimum under the guidelines, which is 30 months. But the guidelines do require that it be consecutive unless I find a basis for departure.
Because of your really poor prior record, I can’t' find a basis for departure, so the 30 months will be consecutive.
App. 95.
If we are in fact reviewing this proceeding under the plain error standard, then we affirm unless we conclude that the district court committed (1) legal error that (2) was plain, (3) affected the defendant’s “substantial rights,” and (4) seriously affected the “fairness, integrity or public reputation of the judicial proceedings.” United States v. Olano, 507 U.S. 725, 731-32, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993) (quoted at Maj. Op. 359).
The legal error element is no different than legal error-under review other than plain error, except that we do not notice it unless it meets the total criteria applicable under the plain error standard. The majority, after a thorough scholarly plunge into the history of the applicable guidelines, concludes that while the sentencing judge correctly stated the requirements of *363 the current guidelines as to consecutive or concurrent sentencing, the version in effect in 1988 at the time of the defendant’s commission of his first offense (for which the current revocation'is punishment), unlike the guidelines in effect at the time of the revocation, gave the district judge discretion to sentence concurrently rather than consecutively. While I am not at all certain that this error satisfies any common definition of “plain,” I acknowledge that it is error. However, when the judge’s record recitation goes on to make plain that he knew that he could, depart and enter a concurrent sentence but was unwilling to do so because of the seriousness of the defendant’s record, the chances that this error (whether or not - plain) affected the defendant’s substantial rights seem to me exceeding small and, at best, theoretical. Likewise, the entry of a sentence that by the majority’s acknowledgment could be entered based on the judge’s discretion even under the old guidelines, and would be required to be entered under the current guidelines, hardly seems to me to seriously affect the “fairness, integrity or public reputation of the judicial proceedings.”
Therefore, I respectfully dissent from what appears ,,to me to be a conclusion not warranted under plain error review,